# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-50933
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CIPRIANO LEDEZMA-DELEON,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-43

———————

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Cipriano Ledezma-DeLeon appeals his 47-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326. Ledezma-DeLeon challenges the substantive reasonableness of his sentence, arguing that it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). In support of this argument, Ledezma-DeLeon maintains that the

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 2L1.2 illegal reentry sentencing guideline should not be entitled to a presumption of reasonableness because it is not empirically based, double counts certain predicate criminal convictions, and overstates the seriousness of the illegal reentry offense, which is analogous to an international trespass offense. Ledezma-DeLeon further maintains that his sentence is greater than necessary to deter future criminal conduct and protect the public. He also asserts that his sentence fails to properly reflect his personal history and characteristics, namely, his age at the time of the drug trafficking offense, limited criminal history, and motive for returning to the United States.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). When a sentence falls within a properly calculated guidelines range, we apply a rebuttable presumption of reasonableness. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

We have rejected the argument that a sentence imposed under the § 2L1.2 illegal reentry sentencing guideline is substantively unreasonable because certain predicate criminal convictions are double counted in the computation of a defendant's guidelines range. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the assertion that § 2L1.2 overstates the seriousness of illegal reentry because it is analogous to an international trespass offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Ledezma-DeLeon correctly concedes that his empirical basis challenge to § 2L1.2's presumption of reasonableness is foreclosed. *See Duarte*, 569 F.3d at 529-31; *United States v. Mondragon-*

No. 14-50933

*Santiago*, 564 F. 3d 357, 366 (5th Cir. 2009). Finally, the record does not reflect that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors. *See Cooks*, 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.